UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
STEVEN COOGAN,                )
                              )
         Plaintiff            )
                              )
v.                            )
                              )   Civil Action No. 1:15-cv-13148
FMR, LLC, SEAN BURKE,         )
MICHAEL LUZZO,                )
         Defendants.          )
_____)

### PLAINTIFF'S MOTION TO STRIKE PARAGRAPHS OF DEFENDANTS' 56.1 STATEMENT OF UNDISPUTED FACTS

The Plaintiff, Steven Coogan ("Coogan" or "Plaintiff") moves the Court to strike, in full or in part, paragraphs of the 56.1 Statement of Undisputed Facts [Document 63] ("Statement") filed by the Defendants, FMR, LLC ("Fidelity"), Sean Burke ("Burke"), and Michael Luzzo ("Luzzo") (collectively "Defendants") [Document 61]. Coogan moves to strike these paragraphs because they do not comply with Local Rule 56.1. Specifically, all or parts of paragraphs 7, 9, 15, 23-26, 28-29, 31-32, 36, 40-41, 45-46, 49, 59-75, 78-79, 81-83, 85, 87-89, 91-96, 99-103, 106-115, 119-121, 123-125, 127-131, 133-138, 140-142, 144-158, 160-163, 169-170, 173, 180, 185-186, 188, 190-196, and 198[1] are not statements of material, undisputed *facts*. Rather, they contain conclusions drawn from evidence that favor the Defendants (not Coogan as required by law), omit from context facts that are favorable to Coogan, claim that the credibility of the Defendants' witnesses is superior, "paraphrase" testimony from the record that mischaracterizes

---

[1]  Plaintiff seeks to only partially strike the following paragraphs: 15, 40, 45-46, 49, 62-63, 79, 81, 85, 92, 115, 125, 130, 140, 145, 157, 163, 193-195, and 198. Parts of these paragraphs contain undisputed statements of fact.

the meaning of the testimony, and attack Coogan's credibility as a witness. These statements are not undisputed facts and should be stricken as non-compliant with Rule 56.1.

### STATEMENT OF SUPPORTING REASONS

1. On a motion for summary judgment, a court must "view the facts in light most favorable to the nonmoving party and draw all inferences in that party's favor." *Matsuchita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In service of this principle, Local Rule 56.1 requires that a summary judgment motion be accompanied by: "a concise statement of the *material facts of record* as to which the moving party contends there is *no genuine issue to be tried* . . . ." The clear requirement is to set forth all the undisputed *facts* in the record. The Statement is not meant to be used as a vehicle to set forth factual underpinnings of defense trial arguments or to draw conclusions in the moving party's favor. It certainly presupposes that all relevant parts of the record will be included, not that parts favoring the non-moving party will be strategically omitted.

2. A material fact is one that could potentially affect the outcome of the case. A genuine dispute means there is evidence in the record that, if credited, is a basis for a reasonable jury to resolve the lawsuit in favor of Coogan. *Santiago-Ramos v. Centennial Puerto Rico Wireless Co.*, 217 F.3d 46, 50 (1st Cir. 2000). Significantly, the judge's function at summary judgment is not to weigh the evidence or determine credibility. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, at summary judgment, the Court must *disregard* all evidence favorable to the moving party *that the jury is not required to believe*. The Court is only to credit evidence supporting the moving party that is *uncontradicted and unimpeached, and comes from disinterested witnesses*. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-151 (2000).

3. Because this Court will have to make all inferences in Coogan's favor, as well as disregard even un-contradicted statements by the Defendants or their agents (because they do not come from disinterested witnesses), for Local Rule 56.1 to have any meaning, the Defendants have a duty to write their Statement in a neutral manner, and not to present defense testimony, particularly from the accused discriminator, as an undisputed fact. *See Carswell v. Monumental Life Ins. Co.*, No. CIVA 13-378, 2014 WL 3378694, at *1-3 (W.D. Pa. July 9, 2014). Courts have recognized that a moving party should not claim that facts are undisputed in their 56.1 Statement when the moving party knows of the existence of a dispute. *See, e.g., The Florida Bar v. Corbin*, 701 So. 2d. 334 (Fla. 1997).[2]

4. The essence of the problem with the Defendants' 56.1 Statement is that they have presented *their version* of facts from the record. The paragraphs, or pieces of paragraphs, Coogan seeks to strike contain quotes from the Defendants' agents who are not disinterested and who would be subject to impeachment; are framed drawing conclusions as to the meaning of evidence drawn in the Defendants' favor; or attack Coogan's credibility. These are not facts within the meaning of the rule or of the law that a jury is required to believe and thus do not fit any of the *Reeves* criteria to make them undisputed facts. For this reason, they should be stricken.

5. Paragraphs 9, 26, 29-32, 36, 40-46, 49, 62, 68, 78, 81, 83, 85, 87, 88, 96, 99, 101-103, 107-113, 120-121, 124-125, 128, 130-131, 133-135, 137-138, 140, 142-146, 150, 152-155, 163, 169-173, and 198 contain conclusions based upon statements of the Defendants or their agents. Additionally, some assertions are contradicted by other evidence. For example, in paragraphs 72

---

[2] Courts have sanctioned attorneys for making factual allegations in support of a summary judgment motion that are directly contradicted by the nonmoving party's deposition. *See, e.g. Dixon v. Holmes*, 1994 WL 532193, at *2-3 (N.D. Ill. 1994).

through 75, the Defendants claim that it is undisputed that Coogan failed to train his subordinates as required and performed poorly; but this "undisputed fact" is based entirely on the testimony of the principal decision makers, Burke, the accused discriminator, and Luzzo, who approved his decision. Under *Reeves*, this Court cannot credit their testimony at summary judgment because they are not disinterested witnesses: Coogan claims they discriminated against him, making their motives, opinions and mental states central disputes in the case. The jury need not credit their own self-serving testimony regarding these motives, opinions and mental states because they are biased witnesses and this Court *cannot*. Thus, these types of statements are not undisputed facts and should be stricken from the Defendants' Rule 56.1 Statement.

   6. Furthermore, as the Defendants are aware, Coogan testified that he had been meeting or exceeding work performance expectations and trained his subordinates. *See* Steve Coogan's Deposition ("Coogan Depo"), pp. 187-188, attached as **Exhibit A**; *and see*, Coogan's 2011 Year-End Self-Assessment & Performance Review Form, FMR000048, attached as **Exhibit B**; *and see* Coogan's 2012 Mid-Year Self-Assessment & Performance Review Form, Bates. No. FMR00049-50, attached as **Exhibit C**. His testimony, which this Court must credit, means that, for purposes of summary judgment, whether Coogan was performing to Burke and Luzzo's expectations and was properly training his subordinates, is not an undisputed fact. *See, e.g., Simas v. First Citizens' Fed. Credit Union,* 170 F.3d 37, 50-51 (1st Cir. 1999*)* (summary judgment for employer vacated based on employee's own testimony). For the spirit and letter of Rule 56.1 to have any meaning, the Defendants cannot omit Coogan's testimony from the 56.1 Statement when they are aware that it exists. Once seen in the context, at best, paragraphs 72 through 75 are claims that Coogan's testimony and other evidence is not as credible as theirs. These are not "undisputed facts" and all such statements should be stricken.

7. The Defendants' contentions in paragraphs 95, 127, 188, and 190-191, distort the record, omit evidence of disputes, draw a conclusion in their favor from the partial evidence, and set this conclusion forth as an undisputed fact. For example, in paragraphs 190 and 191, the Defendants cite to a piece of Coogan's deposition testimony and suggest that he has no evidence to prove that Luzzo participated in age discrimination. Coogan testified that he could not recall any additional evidence that Luzzo aided and abetted in age discrimination. He had already testified that Luzzo discriminated against him by siding with Burke and firing him. *See* Coogan Depo, pp. 190-191. The testimony does not make it an undisputed fact that Luzzo did not discriminate against Coogan and that Coogan has no evidence that he did. This is a conclusion that the jury might draw in the Defendants' favor. It should be stricken from Rule 56.1.

8. Paragraphs 40, 46, 59-61, 89, 92, 161, 185-186, and 192-196, should be stricken because they are conclusions that Coogan lacks credibility. Paragraphs 192 through 196 allude that Coogan is untruthful because he did not complain about discrimination while still employed. The statements not undisputed facts: they are factual underpinnings for a conclusion, drawn in the Defendants' favor, that Coogan fabricated his discrimination claim. The law is clear that credibility is for Coogan's credibility is an issue the jury. Statements alluding to a lack of credibility are not a statements of fact that make up a compliant Rule 56.1 Statement.

9. Paragraphs 7, 15, 23, 49, 100, 106, 114-115, 129, 141, 147-148, 151, 157, and 160, should be stricken because they omit pieces of evidence, of which they are aware, that would show a dispute and use the omission to draw conclusions in the Defendants' favor. For example, paragraph 149 asserts as undisputed fact that Coogan admitted an error and that Burke held a poor view of Coogan's performance. However, the Defendants, although aware that Coogan testified that searching for such errors was not part of his duties, omitted this significant

testimony from the Statement.  Their omission gives the illusion of an undisputed fact. They compound the illusion by setting forth Burke's views as undisputed facts although, as set forth above, the law does not allow the Court to credit his views at this juncture.  Rule 56.1 does not allow for such gamesmanship.  It must be a complete picture of undisputed facts. Thus, these statements should be stricken.

10. Paragraphs 24, 25, 28, 63-67, 69, 79, 82, 91, 93-94, 119, 123, 136, 156, 158, 162, and 180, contain hearsay statements from which the Defendants draw the favorable conclusion that Burke and Luzzo's state of mind-- the ultimate issue for the jury at trial –is an undisputed fact. For example, in paragraphs 63 through 67, the Defendants cite to Burke's testimony about multiple employees' statements to Burke about Coogan's failure to train them.  Even if these hearsay statements fall into an exception to the hearsay rule, the jury is not required to credit the conclusions that Burke and Luzzo believed them and that they had no discriminatory state of mind.[3]  The Court, at summary judgment, *cannot* credit such a conclusion.  The Defendants acknowledge that Coogan has evidence that Burke displayed animosity toward older people; yet they include conclusory statements about Burke and Luzzo's beliefs as undisputed *facts*.  They are not, and these sorts of statements should be stricken.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court strike all or parts of paragraphs 7, 9, 15, 23-26, 28-29, 31-32, 36, 40-41, 45-46, 49, 59-75, 78-79, 81-83, 85, 87-89, 91-96, 99-103, 106-115, 119-121, 123-125, 127-131, 133-138, 140-142, 144-158, 160-163, 169-170, 173, 180, 185-186, 188, 190-196, and 198 from the Defendants' 56.1 Statement of Undisputed Facts.

---

[3]  The conclusion could be quite the opposite:  the employees were not believed but Burke decided to use the reports to further his discriminatory design.

|  |  |
|---|---|
|  | Respectfully submitted<br>For the Plaintiff,<br>STEVE COOGAN<br>By his attorneys, |
| Dated:  October 28, 2016 | Rebecca G. Pontikes<br>BBO # 637157<br>Bryn Sfetsios<br>BBO #688368<br>PONTIKES LAW LLC<br>10 Tremont Street, Second Floor<br>Boston, MA 02108<br>(617) 357-1888<br>rpontikes@pontikeslawllc.com |

**LOCAL RULE 7.1(A)(2) CERTIFICATE**

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that she attempted in good faith to resolve or narrow the issues presented by this motion.  Plaintiff's counsel notified the Defendants' counsel by email correspondence on October 21, 2016 of its intention to file this motion.  The parties were unable to resolve the issues presented by this motion.

Rebecca G. Pontikes

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2016, this document filed through the CM-ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that to the extent necessary paper copies will be sent to those indicated as non-registered participants on October 28, 2016.

Rebecca G. Pontikes